**BORLING v HUBER et**

Ohio Appeals, 9th Dist, Medina Co.

No. 161. Decided Jan. 23, 1939

274

J. B. Palmquist, Medina, for appellee.
John A. Weber, Medina, and Harold
L. Williams, Medina, for appellants.

## OPINION

PER CURIAM:

Herbert Borling, as the alleged owner and holder of a note signed by Nicholas J. Huber and Dorothy H. Huber and made payable to Joseph A. and Marie T. Borling, the father and mother of Herbert Borling, brought suit against the Hubers on the note.

Upon the power of attorney contained in the note, judgment was taken against the Hubers, who, within the term at which such judgment was taken, filed a motion to vacate the judgment and for leave to plead in the action.

The entry of the court in disposing of the motion recites that the parties had "agreed that the said judgment should be vacated and set aside and said defendants granted leave to plead herein and set up their defenses to the note set forth and described in plaintiff's petition."

The motion was granted and the judgment was vacated, and leave was given to the Hubers to plead by a given date.

Thereafter, the Hubers filed an answer, and also a cross-petition making additional parties defendant Joseph A. and Marie T. Borling, the parents of Herbert Borling, the plaintiff in the action. Summons against the new defendants was issued to the sheriff of Cuyahoga County and served upon them therein.

A demurrer to said pleading was filed by Herbert Borling, and a motion to quash service was filed by Joseph A. and Marie T. Borling. Both the demurrer and the motion were sustained by the court, and thereafter an amended answer and cross-petition, making the same parties defendant as in the original answer and cross-petition, was filed, and the new defendants were again served in Cuyahoga County. Upon a like motion and a like demurrer like rulings were made, and later the court, upon motion, struck from the files the amended answer and cross-petition, set aside the order of vacation of judgment, and re-entered the said judgment.

The controversy is before this court on an appeal on questions of law.

The original judgment having been vacated and set aside by agreement of the parties, and the defendants Huber having filed an answer by leave of court, it was error for the court to strike the answer of the Hubers from the files and reinstate the judgment, if their answer stated a defense to the action.

The claim of the Hubers was that the note was given as a part of a transaction between them and the payees of the note, the father and mother of Herbert Borling; and in their amended answer the Hubers alleged that there was a total failure of consideration for the note, "which was known to the plaintiff, who had both actual and constructive notice thereof at the time he acquired said note."

As a further defense set forth in said answer, the Hubers denied the allegations in the petition of Herbert Borling that he purchased the note from his parents for a good and valuable consideration and was the holder of the note, and also denied that they were indebted to Herbert Borling in any amount thereon.

We hold that said answer set forth a defense to the note, and that the court erred in striking the same from the files and re-entering the original judgment.

There is a further question which arises upon the rulings of the court in reference to the amended cross-petition.

We hold that no action on the cross-petition was properly brought in Medina County within the meaning of §11282, GC, so as to authorize the service of summons on Joseph A. and Marie T. Borling in Cuyahoga County, and that therefore the court did not err in quashing that service. And also that, under §11318, GC, the court was justified in striking the amended cross-petition from the files.

For error in reinstating said judgment, the order of reinstatement is reversed, and the cause remanded to the trial court with instruction that the Hubers be permitted to file an amended answer if they so desire, and for trial according to law.

STEVENS, PJ., WASHBURN, J., and DOYLE, J., concur.